UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CHAMBER OF COMMERCE OF THE
UNITED STATES OF AMERICA and
XPEDITE SYSTEMS, LLC.,

        Plaintiffs,

   v.

BILL LOCKYER, Attorney General
of California, in his official
capacity and CHARLENE ZETTEL,
Director, California
Department of Consumer
Affairs, in her official
capacity,

        Defendants.

NO. 2:05-cv-2257-MCE-KJM

MEMORANDUM AND ORDER

----oo0oo----

    The above entitled matter came before the Court upon Plaintiffs' motion seeking a provisional stay, or, alternatively, a temporary restraining order.  Specifically, Plaintiffs are requesting that this Court exercise its inherent equitable powers to stay the January 1, 2006, enactment of California Business & Professions Code Section 17538.43, introduced as Senate Bill 833

1

("SB 833"), pending a full and fair hearing on the merits. In the alternative, Plaintiffs are seeking an order that would enjoin the enforcement of SB 833 by Defendants Bill Lockyer and Charlene Zettel. Following its review of the papers submitted on behalf of both Parties, the Court conducted a hearing at 9:00 a.m. on December 19, 2005. David Remes appeared on behalf of Plaintiffs and Kathrin Sears appeared on behalf of Defendants. At the conclusion of the hearing, the Court took the matter under submission. For the reasons set forth in detail below, the Court finds sufficient cause to issue a provisional stay on the enactment of SB 833 pending further review.

This case involves the convergence of state and federal laws including the Federal Communications Act of 1934 ("FCA"), the Telephone Consumer Protection Act of 1991 ("TCPA"), as amended by the Junk Fax Protection Act of 2005 ("JFPA") and California's SB 833. The foregoing federal laws generally create a statutory framework that seeks to govern interstate communications and, particularly at issue here, the use of facsimile machines for advertising. Through SB 833, California's Legislature is seeking to accord the citizens of California with more stringent protections than those afforded under the federal scheme giving rise to this litigation.

The controversy in this matter arises from divergent requirements in the state and federal schemes regarding facsimile advertisements transmitted into and out of California. More specifically, the federal scheme permits a party to transmit facsimile advertisements to recipients with whom they have an "established business relationship" provided those advertisements

1  bear an opt-out alternative.  Conversely, California's scheme, as
2  embodied in SB 833, omits the established business relationship
3  exception and, instead, requires a party to obtain express prior
4  consent before transmitting any facsimile advertisements into or
5  out of California.  In addition, SB 833 entitles aggrieved
6  persons or entities to seek injunctive relief as well as
7  statutory damages in the amount of five hundred dollars per
8  violation.  In the event the unauthorized transmission is willful
9  or knowing, the sender is then subject to treble damages.  See
10 Senate Bill No. 833.
11     Plaintiffs are the Chamber of Commerce of the United States
12 ("Chamber"), a non-profit corporation organized under the laws of
13 the District of Columbia and Xpedite Systems, LLC ("Xpedite"), an
14 entity organized under the laws of Delaware.  The Chamber
15 represents the business interests of more than 3 million
16 businesses nationwide and commonly sends interstate faxes to its
17 members informing them of upcoming Chamber programs.  Xpedite is
18 a global outsource provider of business communications, including
19 data delivery services via fax, e-mail, voice and text messaging.
20 Both the Chamber and Xpedite routinely transmit faxes from
21 outside California to recipients within California with which
22 they enjoy an established business relationship.
23     Plaintiffs are requesting that this Court preserve the
24 status quo by staying the enactment of SB 833.  The Court has
25 inherent power to preserve the status quo by equitable means.
26 Republic of Philippines v. Marcos, 862 F.2d 1355, 1361 (9th Cir.
27 1988).  However, principles of deference counsel restraint in
28 resorting to inherent power and require its use to be a

3

reasonable response to the problems and needs that provoke it. See <u>Chambers v. NASCO</u>, 501 U.S. 32, 44, 111 S.Ct. 2123 (1991); <u>see</u> also <u>Bittaker v. Woodford</u>, 331 F.3d 715, 732 (9th Cir. 2003)(citations and quotations omitted).

In the instant action, Plaintiffs allege they will suffer irreparable harm if the status quo is not preserved. Indeed, Plaintiffs aver they will suffer harm of constitutional magnitude because their right to engage in federally protected interstate communication via facsimile will have been impermissibly infringed. Deprivation of a right guaranteed under the United States Constitution will often alone constitute irreparable harm. See <u>Goldie's Bookstore, Inc. v. Superior Court</u>, 739 F.2d 466, 472 (9th Cir. 1984). In addition, Plaintiffs aver that they will suffer customer losses, future sales, damage to long-term relationship with customers, loss of referrals, and loss of goodwill in the marketplace.

Conversely, Defendants do not allege, nor does the Court find, that they will suffer harm by maintaining the status quo. In fact, California consumers currently enjoy protection from unwanted facsimile advertisements by the federal scheme including the TCPA, as amended by the JFPA. Lastly, any potential harm that may arise as the result of postponing the enactment of SB 833 is far outweighed by the danger of proceeding on an underdeveloped record.

Having found that a provisional stay of SB 833 is the appropriate remedy under the circumstances of this case, the Court need not address the propriety of Plaintiffs' request for a temporary restraining order.

4

**CONCLUSION**

For the reasons explained fully above, Plaintiffs' request for a provisional stay on the enforcement of SB 833 is GRANTED. The enactment of SB 833 shall be stayed from January 1, 2006, through January 31, 2006.  A full hearing on the merits of Plaintiffs' claims shall be heard before this Court at 9:00 a.m. in Courtroom 3 on January 23, 2006.  The Parties may, but are not required to, submit supplemental briefing prior to the hearing. In the event supplemental briefing is filed, it shall not exceed 20 pages per side and shall be submitted not later than Friday, January 13, 2006.

IT IS SO ORDERED.

DATED: December 20, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE